NO









NO. 12-09-00160-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

JESSE BERNARD WARREN,

APPELLANT                                                     '     APPEAL
FROM THE 241ST

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM OPINION

PER
CURIAM

Jesse
Warren appeals his conviction for aggravated assault with a deadly weapon, for
which he was sentenced to imprisonment for eight years.  Appellant’s counsel
filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967) and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the
appeal.

 

Background

Appellant
was charged by indictment with aggravated assault with a deadly weapon and
pleaded “guilty.”  Appellant further pleaded “true” to using or exhibiting a
deadly weapon, to‑wit, a firearm during the commission of or immediate
flight from the offense.  Subsequently, the trial court conducted a jury trial
on punishment.  At the conclusion of the trial on punishment, the jury assessed
Appellant’s punishment at imprisonment for eight years.  The trial court
sentenced Appellant accordingly, and this appeal followed.

 

Analysis Pursuant to Anders v. California

Appellant=s counsel filed a brief in
compliance with Anders v. California and Gainous v. State. 
Appellant=s counsel
states that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated.  He further relates that he is well
acquainted with the facts in this case.  In compliance with Anders,
Gainous, and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant=s brief presents a chronological summation of
the procedural history of the case and further states that Appellant=s counsel is unable to
raise any arguable issues for appeal.[1] 
We have likewise reviewed the record for reversible error and have found none.

 

Conclusion

As
required by Stafford v. State, 813 S.W.2d 503 (Tex.
Crim. App. 1991), Appellant=s
counsel has moved for leave to withdraw.  See also In re Schulman,
252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the
motion for consideration with the merits.  Having done so and finding no
reversible error, Appellant=s
counsel=s motion for
leave to withdraw is hereby granted and the appeal
dismissed.[2]

Opinion delivered September 1, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH) 

 









[1]
Counsel for Appellant had certified that he provided Appellant with a copy of
this brief.  Appellant was given time to file his own brief in this cause.  The
time for filing such a brief has expired and we have received no pro se brief.





[2] Counsel has a duty to, within five days of the date
of this opinion, send a copy of the opinion and judgment to Appellant and
advise him of his right to file a petition for discretionary review. See
Tex. R. App.  P. 48.4; In
re Schulman, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek
review of this case by the Texas Court of Criminal Appeals, he must either
retain an attorney to file a petition for discretionary review on his behalf or
he must file a petition for discretionary review pro se.  Any petition for
discretionary review must be filed within thirty days from the date of either this
opinion or the last timely motion for rehearing that was overruled by this
court. See Tex. R. App. P. 68.2. 
Any petition for discretionary review must be filed with this court, after
which it will be forwarded to the Texas Court of Criminal Appeals along with
the rest of the filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for discretionary review should comply
with the requirements of Texas Rule of Appellate Procedure 68.4.  See In
re Schulman, 252 S.W.3d at 408 n.22.